COOLEY LLP
MICHAEL G. RHODES (116127)
rhodesmg@cooley.com
WHITTY SOMVICHIAN (194463)
wsomvichian@cooley.com
DANIELLE C. PIERRE (300567)
dpierre@cooley.com
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INKIE LEE, WAYNE SALLURDAY; LORI SALLURDAY; ANANDHI BHARADWAJ; SARGON DANIEL; STEPHANIE GLEASON; LAVERNE JACKSON; SANDY XIA; NISSIM AHRONEE; SANJAY CHOPRA; EDWIN ARROYAVE; MICHAEL CURLEY; WILLIAM DOYLE; ROBERT GUCWA; JAVIER GUZMAN; SUSAN HUTCHESON; MACE RAKESTRAW; RODRIGO RODRIGUEZ; HASNIN SYED; YUFEI WU; WENDY HENSEL; JOSEPH TYSON; and YUXIANG ZHANG; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TESLA, INC. and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 2:20-cv-00570-JVS-KES <br><br> **DECLARATION OF JASJIT AHLUWALIA IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION TO COMPEL ARBITRATION** <br><br> Concurrently filed with Tesla's Motion to Compel Arbitration and [Proposed] Order <br><br> Date: September 21, 2020 <br> Time: 1:30 p.m. <br> Courtroom: 10C |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

I, Jasjit Ahluwalia, declare as follows:

1. I am a Software Engineering Manager at Tesla, Inc. ("Tesla"), where I have been employed for more than eight years. My job responsibilities consist of software development and database administration, including with respect to Salesforce (the document management system used by Tesla at the time Plaintiffs placed their orders), and other systems Tesla uses for document management. Except as otherwise noted, I have personal knowledge of the following facts and if called to testify could and would testify competently thereto.

2. The exhibits referenced below and attached are records relating to certain Plaintiffs in this case and were obtained from Tesla's Salesforce database. Tesla uses Salesforce to record and organize information about its customers. Tesla's Salesforce records are generated at or near the time of the events they record, either by Tesla employees with personal knowledge of the events or by automated means in response to customer or Tesla actions. Tesla keeps the records in the course of the regularly-conducted activities of its business and creates the records as a regular part of those activities.

## Overview

3. In general, Tesla customers who want to buy or lease a new or used vehicle from Tesla can start that process by placing an order online through either the desktop or mobile version of Tesla's website. They can also place such an order at an internet-connected kiosk in a Tesla-owned store. To place such an order, the customer must select their vehicle (in the case of a used vehicle) or configure their vehicle by selecting various options for their vehicle (in the case of a new vehicle), enter payment details and other information, and click a button to place their order and agree to Tesla's terms and conditions.[1] These terms and conditions are set forth in an agreement that has been called either a Motor Vehicle Order Agreement or

---

[1] The Declaration of Victor Barclay further explains the online purchase process and attaches screens shots of the Order Payment screen used to complete an order.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

Motor Vehicle Purchase Agreement at various points in time (referenced collectively as an "Order Agreement"). At the time of the order, the customer need only pay the "Order Payment," which is currently $100, with the balance due at or shortly before the time they take delivery (i.e., possession) of the vehicle.

4. The Order Agreement has included an arbitration provision at all relevant times related to the purchases of the Plaintiffs referenced below. For example, **Exhibit 1** attached hereto provides, in pertinent part:

> **Agreement to Arbitrate.** Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together, "Tesla").
>
> ***
>
> . . . you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules.
>
> ***
>
> . . . The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitration cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles.
>
> ***
>
> . . . You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to [Tesla at a designated address].

5. After a customer completes the order process, they receive various documents in their Tesla Account (previously called the MyTesla account). The Tesla Account is automatically created for a customer as part of the order process, though some customers choose to create a Tesla Account prior to ordering their vehicle (e.g., to save their vehicle configuration before ordering). The Tesla Account includes various materials and resources for Tesla owners, including vehicle guides

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

and updates regarding customers' purchases and vehicles. When a customer completes their order, they receive in their Tesla Account a Vehicle Configuration that shows details of their order and includes a record of when the customer placed the order and accepted the applicable Order Agreement. Customers also receive in their Tesla Account a copy of the Order Agreement that they agreed to.

6. Unlike at a traditional car dealership, Tesla customers typically do not take delivery of their vehicles immediately, but instead wait a period of days or weeks while Tesla manufactures, transports, and/or otherwise prepares the vehicle for delivery. Between the initial order and delivery, customers must decide how to pay the balance due on their vehicles, and have several options: they can pay their entire final balance by check; they can execute a Lease Agreement; or they may obtain a loan through one of Tesla's financing partners. One form of loan agreement is the Retail Installment Contract. As specified further below, certain Plaintiffs executed either a Lease Agreement or a Retail Installment Contract with an arbitration provision.

7. In addition, at various points in time, customers have executed a Delivery Declaration at the time that they take delivery of their vehicle. For each of the Plaintiffs referenced below, the Delivery Declaration stated: "BY SIGNING BELOW, YOU AGREE THAT YOU HAVE TAKEN DELIVERY OF YOUR [VEHICLE] ON OR BEFORE [DATE OF DELIVERY] AND THAT YOU AGREE WITH YOUR FINAL MOTOR VEHICLE PURCHASE AGREEMENT, WHICH HAS BEEN UPLOADED TO AND IS AVAILABLE IN YOUR MYTESLA ACCOUNT."

**Inkie Lee's Purchase and Agreement to Arbitrate**

8. Tesla's records show that an individual named Joe Lee placed an online order for a new Model X on July 14, 2019. I understand from the Second Amended Complaint ("SAC") that Ms. Lee alleges she placed this order, so the discrepancy in name could be due to Ms. Lee authorizing Mr. Lee to place the order. (SAC ¶ 15).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

Attached as **Exhibit 1** is a true and correct copy of the Vehicle Configuration and Order Agreement Ms. Lee agreed to when she placed her online order, which contains the arbitration and opt-out provisions discussed above.

9. Tesla's records show that Ms. Lee made modifications to the configuration for her Model X order described above on July 19, 2019. Attached as **Exhibit 2** is a true and correct copy of the "Vehicle Configuration" for Ms. Lee's modified order.

10. Tesla's Salesforce records do not show that Ms. Lee mailed any opt-out request to Tesla at the designated address.

11. Tesla's records further show that Ms. Lee physically signed a copy of the Order Agreement on August 1, 2019, a true and correct copy of which is attached as **Exhibit 3**, and is substantively identical to **Exhibit 2.**

**Anandhi Bharadwaj's Purchase and Agreement to Arbitrate**

12. Tesla's records show that Ms. Bharadwaj placed an online order for a new Model 3 on July 16, 2018. Attached as **Exhibit 4** is a true and correct copy of the Vehicle Configuration and Order Agreement Ms. Bhardwaj agreed to when she placed her online order, which contains the arbitration and opt-out provisions described above.

13. Tesla's records further show that Ms. Bharadwaj physically signed a copy of the Order Agreement on September 12, 2018, a true and correct copy of which is attached as **Exhibit 5**, which is substantively identical to **Exhibit 4.**

14. Tesla's Salesforce records do not show that Ms. Bharadwaj mailed any opt-out request to Tesla at the designated address.

15. Tesla's records further show that Ms. Bharadwaj executed a Delivery Declaration on September 12, 2018, which included the language referenced above confirming her acceptance of the "Motor Vehicle Purchase Agreement" that she agreed to when she placed her online order. A true and correct copy of this Delivery Declaration is attached as **Exhibit 6.**

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

**Edwin Arroyave's Purchase and Agreement to Arbitrate**

16. Tesla's records show that Mr. Arroyave ordered a new Model X from Tesla on December 7, 2015. Attached as **Exhibit 7** is a true and correct copy of the "Pro-Forma Motor Vehicle Purchase Agreement," which shows the Vehicle Configuration for Mr. Arroyave's order.

17. Tesla's records show that on March 24, 2016, Mr. Arroyave executed a "Conditional Sale Contract and Security Agreement" (similar to the "Retail Installment Contract" described above) to finance his vehicle. A true and correct copy of this agreement is attached as **Exhibit 8**, which contains an arbitration provision and an option for "**Rejection of Arbitration.**" Mr. Arroyave did not check the box to reject the arbitration provision on page one of **Exhibit 8.**

**Javier Guzman's Purchase and Agreement to Arbitrate**

18. Tesla's records show that Mr. Guzman placed an online order for a new Model X on October 30, 2019. Attached as **Exhibit 9** is a true and correct copy of the Vehicle Configuration and Order Agreement Mr. Guzman agreed to when he placed his online order, which contains the arbitration and opt-out provisions described above.

19. Tesla's Salesforce records do not show that Mr. Guzman mailed any opt-out request to Tesla at the designated address.

**Mace Rakestraw's Purchase and Agreement to Arbitrate**

20. Tesla's records show that Mr. Rakestraw ordered a used Model S from Tesla on February 27, 2018. Attached as **Exhibit 10** is a true and correct copy of the "Pro-Forma Motor Vehicle Purchase Agreement," which shows the Vehicle Configuration for Mr. Rakestraw's order.

21. Attached as **Exhibit 11** is a true and correct copy of the Order Agreement Mr. Rakestraw agreed to when he placed his order, which contains the arbitration and opt-out provisions described above.

22. Tesla's Salesforce records do not show that Mr. Rakestraw mailed any

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

opt-out request to Tesla at the designated address.

**Michael Curley's Purchase and Agreement to Arbitrate**

23. Tesla's records show that Mr. Curley ordered a new Model S from Tesla on or around March 13, 2017. Attached as **Exhibit 12** is a true and correct copy of the "Pro-Forma Motor Vehicle Purchase Agreement," which shows the Vehicle Configuration for Mr. Curley's order.

24. Tesla's records show that on March 13, 2017, Mr. Curley executed a Retail Installment Contract with Tesla to finance his vehicle. A true and correct copy of this agreement is attached as **Exhibit 13**, which contains an arbitration provision and an option for "**Rejection of Arbitration.**" Mr. Curley did not check the box to reject the arbitration provision on page two of **Exhibit 13.**

**Nissim Ahronee's Purchase and Agreement to Arbitrate**

25. Tesla's records show that Ms. Ahronee placed an online order for a new Model 3 on October 23, 2018. Attached as **Exhibit 14** is a true and correct copy of the Vehicle Configuration and Order Agreement Ms. Ahronee agreed to when she placed her online order, which contains the arbitration and opt-out provisions described above.

26. Tesla's Salesforce records do not show that Ms. Ahronee mailed any opt-out request to Tesla at the designated address.

**Robert Gucwa's Purchase and Agreement to Arbitrate**

27. Tesla's records show that Mr. Gucwa placed an online order for a new Model 3 on September 17, 2017. Attached as **Exhibit 15** is a true and correct copy of the Vehicle Configuration and Order Agreement Mr. Gucwa agreed to when he placed his online order, which contains the arbitration and opt-out provisions described above.

28. Tesla's Salesforce records do not show that Mr. Gucwa mailed any opt-out request to Tesla at the designated address.

29. Tesla's records further show that Mr. Gucwa physically signed the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

Order Agreement on September 30, 2019, a true and correct copy of which is attached as **Exhibit 16**, and is substantively identical to **Exhibit 15.**

### Rodrigo Rodriguez's Purchase and Agreement to Arbitrate

30. Tesla's records show that Dr. Rodriguez placed an online order for a new Model 3 on June 22, 2019. Attached as **Exhibit 17** is a true and correct copy of the Vehicle Configuration and Order Agreement that Dr. Rodriguez agreed to when he placed his online order, which contains the arbitration and opt-out provisions described above.

31. Tesla's Salesforce records do not show that Dr. Rodriguez mailed any opt-out request to Tesla at the designated address.

32. Tesla's records further show that on June 29, 2019, Dr. Rodriguez physically signed a Retail Installment Sale Contract with Tesla to finance his vehicle. A true and correct copy of this agreement is attached at **Exhibit 18**, and contains an arbitration provision and an additional signature block titled "**Agreement to Arbitrate**." Dr. Rodriguez signed both the arbitration provision at page 7, and the "**Agreement to Arbitrate**" signature block at page 3, of **Exhibit 18** to indicate his acceptance of the arbitration provision.

### Sandy Xia's Purchase and Agreement to Arbitrate

33. Tesla's records show that Ms. Xia placed an online order for a new Model S on October 24, 2017. Attached as **Exhibit 19** is a true and correct copy of the Vehicle Configuration and Order Agreement Ms. Xia agreed to when she placed her online order, which contains the arbitration and opt-out provisions described above.

34. Tesla's Salesforce records do not show that Ms. Xia mailed any opt-out request to Tesla at the designated address.

35. Tesla's records further show that on December 30, 2017, Ms. Xia physically signed a Retail Installment Sale Contract with Tesla to finance her vehicle. A true and correct copy of this agreement is attached as **Exhibit 20**, and contains an

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

arbitration provision and an additional signature block titled "**Agreement to Arbitrate**." Ms. Xia signed both the arbitration provision at page 7, and the "**Agreement to Arbitrate**" signature block at page 1, of **Exhibit 20** to indicate her acceptance of the arbitration provision.

36. Tesla's records show that Ms. Xia executed a Delivery Declaration on December 30, 2017, which included the language referenced above confirming her acceptance of the "Motor Vehicle Purchase Agreement" that she agreed to when she placed her online order. A true and correct copy of this Delivery Declaration is attached as **Exhibit 21.**

**Sargon Daniel's Purchase and Agreement to Arbitrate**

37. Tesla's records show that Mr. Daniel placed an online order for a new Model 3 on April 18, 2018. Attached as **Exhibit 22** is a true and correct copy of the Vehicle Configuration and Order Agreement Mr. Daniel agreed to when he placed his online order, which contains the arbitration and opt-out provisions described above.

38. Tesla's Salesforce records do not show that Mr. Daniel mailed any opt-out request to Tesla at the designated address.

39. Tesla's records show that Mr. Daniel executed a Delivery Declaration on June 5, 2018, which included the language referenced above confirming his acceptance of the "Motor Vehicle Purchase Agreement" that he agreed to when he placed his online order. A true and correct copy of this Delivery Declaration is attached as **Exhibit 23.**

**Stephanie Gleason's Purchase and Agreement to Arbitrate**

40. Tesla's records show that Ms. Gleason placed an online order for a new Model X on May 23, 2018. Attached as **Exhibit 24** is a true and correct copy of the Vehicle Configuration and Order Agreement Ms. Gleason agreed to when she placed her online order, which contains the arbitration and opt-out provisions described above.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

41. Tesla's Salesforce records do not show that Ms. Gleason mailed any opt-out request to Tesla at the designated address.

**Susan Hutcheson's Purchase and Agreement to Arbitrate**

42. Tesla's records show that Ms. Hutcheson ordered a new Model S from Tesla on September 26, 2018. Attached as **Exhibit 25** is a true and correct copy of the Vehicle Configuration for Ms. Hutcheson's order.

43. Attached as **Exhibit 26** is a true and correct copy of the Order Agreement Ms. Hutcheson agreed to when she placed her order, which contains the arbitration and opt-out provisions described above.

44. Tesla's Salesforce records do not show that Ms. Hutcheson mailed any opt-out request to Tesla at the designated address.

**Wayne Sallurday's Purchase and Agreement to Arbitrate**

45. Tesla's records show that Mr. Sallurday placed an online order for a used Model S on October 15, 2018. Attached as **Exhibit 27** is a true and correct copy of the Vehicle Configuration and Order Agreement Mr. Sallurday agreed to when he placed his online order, which contains the arbitration and opt-out provisions described above.

46. Tesla's Salesforce records do not show that Mr. Sallurday mailed any opt-out request to Tesla at the designated address.

**Wendy Hensel's Purchase and Agreement to Arbitrate**

47. Tesla's records show that Ms. Hensel placed an online order for a new Model S on November 29, 2018. Attached as **Exhibit 28** is a true and correct copy of the Vehicle Configuration and Order Agreement Ms. Hensel agreed to when she placed her online order, which contains the arbitration and opt-out provisions described above.

48. Tesla's Salesforce records do not show that Ms. Hensel mailed any opt-out request to Tesla at the designated address.

//

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

**Joseph Tyson's Purchase and Agreement to Arbitrate**

49. Tesla's records show that Mr. Tyson ordered a new Model S on July 21, 2015. Attached as **Exhibit 29** is a true and correct copy of the "Motor Vehicle Purchase Agreement," which shows the Vehicle Configuration for Mr. Tyson's order.

50. Tesla's records show that on July 24, 2015, Mr. Tyson executed a Retail Installment Contract with Tesla to finance his vehicle. A true and correct copy of this agreement is attached as **Exhibit 30**, which contains an arbitration provision and an option for **"Rejection of Arbitration."** Mr. Tyson did not check the box to reject the arbitration provision on page two of **Exhibit 30**.

**Yuxiang Zhang's Purchase and Agreement to Arbitrate**

51. Tesla's records show that Mr. Zhang placed an online order for a new Model 3 on May 11, 2019. Attached as **Exhibit 31** is a true and correct copy of the Vehicle Configuration and Order Agreement Mr. Zhang agreed to when he placed his online order, which contains the arbitration and opt-out provisions described above.

52. Tesla's records further show that on or around May 18, 2019, Mr. Zhang electronically signed a Lease Agreement with Tesla to lease his vehicle. A true and correct copy of this agreement is attached as **Exhibit 32**, which contains the same arbitration and opt-out provisions that appear in **Exhibit 31**.

53. Tesla's Salesforce records do not show that Mr. Zhang mailed any opt-out request to Tesla at the designated address.

I declare under penalty of perjury under the laws of the United States of America that this Declaration is true and correct. Executed on this 27th day of July 2020 in San Francisco, California.

Jasjit Ahluwalia

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DECLARATION OF JASJIT AHLUWALIA ISO
TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES