COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
DANIELLE C. PIERRE (300567)
(dpierre@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
101 California Street, 5th Floor
San Francisco, California  94111-5800
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INKIE LEE, WAYNE SALLURDAY; LORI SALLURDAY; ANANDHI BHARADWAJ; SARGON DANIEL; STEPHANIE GLEASON; LAVERNE JACKSON; SANDY XIA; NISSIM AHRONEE; SANJAY CHOPRA; EDWIN ARROYAVE; MICHAEL CURLEY; WILLIAM DOYLE; ROBERT GUCWA; JAVIER GUZMAN; SUSAN HUTCHESON; MACE RAKESTRAW; RODRIGO RODRIGUEZ; HASNIN SYED; YUFEI WU; WENDY HENSEL; JOSEPH TYSON; and YUXIANG ZHANG; on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>TESLA, INC. and DOES 1 through 10, inclusive,<br><br>                    Defendant. | Case No. 2:20-cv-00570-JVS-KES<br><br>**TESLA, INC.'S BRIEF ISO STAY PENDING ARBITRATION**<br><br>Date:           September 21, 2020<br>Time:          1:30 p.m.<br>Courtroom:  10C<br><br>Trial Date:            None Set<br>Date Action Filed:  January 20, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TESLA, INC.'S BRIEF ISO
STAY PENDING ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

## I. INTRODUCTION

Pursuant to the Court's September 24, 2020 minute order (ECF No. 52), Tesla submits this brief in response to Plaintiffs' Request for Oral Argument on Defendant's Motion to Compel Arbitration or, in the Alternative, Request for Clarification of Tentative Ruling (ECF No. 51) ("Plaintiffs' Request"). On September 18, 2020, the Court issued a tentative order granting in part Tesla's Motion to Compel Arbitration (the "Tentative Order"). The Tentative Order (1) compels the non-California Plaintiffs subject to an arbitration agreement to arbitrate their claims on an individual basis ("Category I Plaintiffs")[1]; (2) compels the California Plaintiffs subject to an arbitration agreement to arbitrate their individual claims, but severs their public injunctive relief requests for potential future proceedings in this Court ("Category II Plaintiffs"); and (3) stays the proceedings pending arbitration. *See* Tentative Order at 1, 15-16.

Plaintiffs' Request challenged and/or asked for clarification of the Court's Tentative Order only insofar as the Court is inclined to stay the entire action, including as to Plaintiffs not subject to arbitration ("Category III Plaintiffs"). Tesla previously requested a stay as to the Category II Plaintiffs' public injunctive relief claims (*see* ECF No. 50 at 16), but did not previously address whether the Category III Plaintiffs' claims should be stayed. Now that the Court has decided in its Tentative Ruling to compel arbitration of the Category I and II Plaintiffs' claims (which Plaintiffs do not contest), and because every Plaintiffs' claim in the Second Amended Complaint ("SAC") (ECF No. 43) involves the same alleged factual predicate—the cause of the alleged sudden uncommanded acceleration ("SUA") events—a stay of this entire action is appropriate to conserve judicial resources and account for the risk of inconsistent findings.[2]

---

[1] Tesla has adopted the naming conventions used in Plaintiffs' Request.
[2] Tesla's Motion requested that the Category I and II Plaintiffs' claims be dismissed in part to address these risks. *See* ECF No. 44 at 16-17.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TESLA, INC.'S BRIEF ISO
STAY PENDING ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

## II. ARGUMENT

### A. Courts Have Wide Discretion to Stay Entire Actions Pending Resolution of Arbitrable Disputes.

A court has wide discretion "whether to stay, for 'considerations of economy and efficiency,' an entire action, including issues not arbitrable, pending arbitration." *BrowserCam, Inc. v. Gomez, Inc.*, No. 08-cv-02959-WHA, 2009 WL 210513, at *3 (N.D. Cal. Jan. 27, 2009) (quoting *United States ex rel. Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985)). This principle applies even where some parties to a suit are subject to arbitration and others are not, as "it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983). The Ninth Circuit has recognized this principle, holding that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent [arbitral] proceedings which bear upon the case." *Mediterranean Enters., Inc. v. SsangYong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *see also Forsyth v. HP Inc.*, No. 5:16-cv-04775, 2008 WL 732722, at *3 (N.D. Cal. Feb. 6, 2018) (quoting *Moses*, 460 U.S. at 20 n.23, to find that the decision to stay litigation between non-arbitrating parties pending arbitration "is one left to the district court as a matter of its discretion to control its docket."); *Morales v. Lexxiom, Inc.*, No. CV 09-6549, 2010 WL 1150715, at *11 (C.D. Cal. Jan. 29, 2010) (similar).

Given this established authority, courts routinely stay the claims of non-arbitrating parties (like Category III Plaintiffs) while arbitrating parties (like Category I and II Plaintiffs) arbitrate their claims. For example, in *Bischoff v. DirectTV, Inc.*, 180 F. Supp. 2d 1097, 1114-15 (C.D. Cal. 2002), the court compelled one plaintiff in the putative class to arbitrate and stayed the entire case, even as to the plaintiffs who were not subject to arbitration. The court reasoned that "the similarity of the issues of law and fact in this case to those that will be considered during

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TESLA, INC.'S BRIEF ISO
STAY PENDING ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

arbitration, as well as the potential for inconsistent findings absent a stay, persuade the Court that a stay is warranted in the instant matter." *Id.* at 1115. The Court stayed the claims of all plaintiffs due to these concerns even though the result of the arbitration would not be binding on other parties in the litigation. *Id.* at 1114.

Similarly, in *Gunawan v. Randstad General Partner (US) LLC*, No. SACV 13-01464, 2013 WL 12142565, at *3 (C.D. Cal. Dec. 16, 2013), the court stayed an entire action when it compelled one plaintiff to arbitrate even though the remaining plaintiff had not signed an arbitration agreement, because the arbitration was "likely to resolve significant factual questions at issue in the claims" remaining before the court. *Id.*; *see also Morales*, 2010 WL 11507515, at *10-12 (staying all claims because plaintiffs brought a class action and thus "the outcome of the arbitration proceedings w[ould] have a significant effect on the remaining claims"); *Wolf v. Langemeier*, No. 2:09-CV-03086, 2010 WL 3341823, at *8 (E.D. Cal. Aug. 24, 2010) (staying claims of all plaintiffs where only some plaintiffs agreed to arbitrate, because remaining plaintiffs "allege the same claims as the contracting Plaintiffs, against the same Defendants").

### B. A Stay of This Case Is Efficient and Avoids Inconsistent Judgments.

These principles justify a stay of this case as to all Plaintiffs here. All Plaintiffs assert materially identical claims under California law (SAC ¶¶ 201-300) and all 54 claims in the SAC are predicated on the same factual theory—that the alleged SUA events were caused by a common class-wide defect (*see* SAC ¶¶ 6-11, 108-17, 179-714). Tesla disputes there is any such common defect and contends that Plaintiffs' incidents were caused by human error. Nonetheless, the question of whether a defect exists will be addressed in the Category I and II Plaintiffs' arbitrations given their theory of liability. Even where, as here, the results of the arbitrations will not be binding on other parties to the litigation, "a failure to stay the action may lead to inconsistent findings which will hinder the pursuit of judicial efficiency" if the same issues will be litigated in parallel. *Bischoff*, 180 F. Supp. 2d at 1114-15.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TESLA, INC.'S BRIEF ISO
STAY PENDING ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

As the court emphasized in *Morales*, the arbitrations may "reveal that the predicate acts did not even occur," *i.e.*, that there is no proof of a class-wide defect. 2010 WL 11507515, at *10. In that case, waiting for the arbitrator to decide this issue will help to inform the Court's subsequent disposition of any non-arbitrable claims. This is especially true here given that the Category II Plaintiffs are reserving the right to return to this Court following the determination of liability issues in their arbitrations.

Indeed, Plaintiffs themselves have emphasized that parallel actions will create the potential for inconsistent judgments and inefficiencies. Plaintiffs allege that whether "[t]he Class Vehicles were sold with the [alleged] Defect," whether "Tesla knew about the [alleged] Defect but failed to disclose it," and many other issues involve "[c]ommon questions of law and fact." (SAC ¶ 174.) They further allege that the "individual prosecution" of separate actions by individual members of the proposed class "presents a potential for inconsistent or contradictory judgments." (*Id.* ¶ 177.) By Plaintiffs' own logic, it follows that parallel arbitration and litigation by individual Plaintiffs would create the same risk of inconsistent judgments and inefficiencies. The Court should take Plaintiffs at their word and stay this entire action pending arbitration between the Category I and II Plaintiffs and Tesla. *See In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 298 F. Supp. 3d 1285, 1304 (N.D. Cal. 2018) ("A stay of all claims is particularly warranted in the class-action context because the complaint admits that common questions of fact and law predominate."); *Morales*, 2010 WL 11507515, at *11 (explaining that, "[w]ithout ruling on the merits of Plaintiffs' class actions allegations, it seems appropriate to accept their assertion that the various claims are interrelated" for purposes of deciding whether to stay the entire action pending arbitration of claims involving only a subset of the parties).

### C. Plaintiffs Will Not Suffer Significant Prejudice From a Stay.

Plaintiffs will not be significantly prejudiced by a stay. First, in purposefully

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TESLA, INC.'S BRIEF ISO
STAY PENDING ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

filing their claims as a putative class action rather than proceeding individually, Plaintiffs opted to forego other expedient resolution options for one they knew would take significantly longer to resolve. The reality is that class actions like this one can take years to litigate, particularly those that raise the sort of complex issues encompassed by the SAC, which spans 54 separate causes of action and purports to represent 12 different classes. Thus, relative to the overall length of the endeavor Plaintiffs have voluntarily undertaken, the pause necessary to complete the individual arbitrations is minor. *See Forsyth*, 2018 WL 732722, at *7 ("[I]f, presumably, the total amount of time that it will take to adjudicate this complex case was acceptable to Plaintiffs, it is difficult to see why a small delay for arbitration is unacceptable.").

Second, Plaintiffs' assertion that a stay will create public safety concerns is meritless. Plaintiffs essentially ask this Court to find for them on the merits of their injunctive relief demands in order to grant their request to proceed without a stay. That request puts the cart before the horse and should be rejected. Indeed, courts routinely grant stays even where plaintiffs have requested an "injunction [that] is meant to protect a broad class of individuals who are threatened with harm." *Morales*, 2010 WL 11507515, at *12; *see also Forsyth*, 2018 WL 732722, at *7 (staying case where plaintiffs sought injunctive relief preventing discrimination).

Third, any potential prejudice from a stay would be the result of Plaintiffs' own litigation strategy to aggregate as many claims together as possible, including by purposefully organizing together individuals who signed agreements to arbitrate and those who did not into a single proceeding. Plaintiffs should not be able to avoid "a problem of their own making" simply because their strategy backfired. *Forsyth*, 2018 WL 732722, at *7.

### III. CONCLUSION

For the foregoing reasons, the Court should confirm its order staying the entire action (including the Category III Plaintiffs' claims) pending arbitration of the Category I and II Plaintiffs' claims.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TESLA, INC.'S BRIEF ISO
STAY PENDING ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

| | |
|---|---|
| Dated:  September 29, 2020 | COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>WHITTY SOMVICHIAN (194463)<br>DANIELLE C. PIERRE (300567)<br>KELSEY R. SPECTOR (321488)<br><br>By: */s/ Whitty Somvichian*<br>        Whitty Somvichian<br><br>Attorneys for Defendant<br>TESLA, INC. |

234717263

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TESLA, INC.'S BRIEF ISO
STAY PENDING ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES