JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Defendant Tesla's Motion to Compel Arbitration**

Defendant Tesla, Inc. ("Tesla") has moved to dismiss the class action complaint and compel arbitration in line with the dispute resolution procedures in the parties' agreement. Mot. Dkt. No. 44. Tesla moved to compel arbitration against the following individuals (residency in parentheses): Inkie Lee (California); Anandhi Bharadwaj (Georgia); Edwin Arroyave (California); Javier Guzman (Texas); Mace Rakestraw (Texas); Michael Curley (Oregon); Nissim Ahronee (California); Robert Gucwa (Florida); Rodrigo Rodriguez (California); Sandy Xia (California); Sargon Daniel (Arizona); Stephanie Gleason (Pennsylvania); Susan Hutcheson (Florida); Wayne and Lori Sallurday (Pennsylvania); Wendy Hensel (Georgia); Joseph Tyson (North Carolina); and Yuxiang Zhang (Washington).

Plaintiffs Inkie Lee ("Lee") and the other named class representatives (the "Representatives") opposed. Opp'n, Dkt. No. 48. Tesla replied. Reply, Dkt. No. 50.

On September 22, 2020, after the Court posted its Tentative Order regarding the motion, Lee and the Representatives filed a motion requesting a hearing on whether the Court also should stay the matter for the parties who had not signed an arbitration agreement. Dkt. No. 51. On September 24, 2020, the Court ordered Tesla to respond to Lee and the Representative's request. Tesla responded on September 29, 2020. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15.

For the following reasons, the Court GRANTS IN PART Tesla's Motion to

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV20-00570JVS(KESx)     Date Oct. 1, 2020

Title    Inkie Lee et al v. Tesla, Inc. et al

Compel.

    For the residents of California listed in Tesla's motion to compel, the Court compels arbitration of their individual claims but declines to compel arbitration of their requests for public injunctive relief. For the residents of Arizona, Florida, Georgia, Oregon, Pennsylvania, Texas, and Washington listed in Tesla's motion to compel, the Court compels arbitration of all their claims.

    The Court also STAYS the proceedings for all parties pending the binding arbitration.

    Lee, Ahronee, Arroyave, Rodriguez, and Xia must submit their individual, arbitrable claims against Tesla to binding arbitration. Bharadwaj, Guzman, Rakestraw, Curley, Gucwa, Daniel, Gleason, Hutcheson, the Sallurdays, Hensel, Tyson, and Zhang must submit all arbitrable claims against Tesla to binding arbitration.

    The parties are ORDERED to file a joint status report at the earlier of **six (6) months** from the date of this Order or within **ten (10) days** of completion of the arbitration proceedings.

## I. BACKGROUND

### A. Factual Background

    Lee and the Representatives are all owners of various vehicles manufactured by Tesla (the Model S, Model X, and Model 3), either owning the vehicle outright (or pursuant to a Retail Installment Contract) or leasing it.[1] Each signed either an Order Agreement, Retail Installment Contract, or Leasing Agreement with Tesla. The relevant

---

[1] Lee and the Representatives bring claims under the laws of the following states: California; Arizona; Florida; Georgia; Massachusetts; New Jersey; North Carolina; Oregon; Pennsylvania; Texas; and Washington.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

agreements to arbitrate appeared in one or more of these agreements.[2] Barclay Decl., Dkt. No. 44-1 at ¶¶ 3-4; Ahluwalia Decl., Dkt. No. 44-30 at ¶¶ 17, 24, 32, 35, & 50. The arbitration agreement in the Lease Agreement was identical to the one in the Order Agreement. Ahluwalia Decl., Dkt. No. 44-30 at 52.

In relevant part, the arbitration agreements within the Order Agreement and the Lease Agreement provided that "you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules." Ahluwalia Decl., Ex. 1, Dkt. No. 44-31 at 15. The agreement also provided that the "arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitration cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action." Id. Each arbitration agreement also contained a 30 day opt out period. Dkt. No. 44 at 4.

The arbitration agreement within the Order Agreements also included a severability provision. The provision provides that "[i]f a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy (such as injunctive or declaratory relief), then that claim or remedy (and only that claim or remedy) shall be severed and must be brought in court and any other claims must be arbitrated." Ahluwalia Decl., Ex. 1, Dkt. No. 44-31 at 15.

For those that entered into a Retail Installment Contract, the arbitration agreement allowed either party to elect arbitration of "any claim" related to the "purchase" or "condition of their vehicles, the instant contract, or any other related "transaction" or "relationship." See e.g. Ahluwalia Decl., Ex. 8, Dkt. No. 44-38 at 46. The arbitration

---

[2] For the purposes of the Court's analysis, the Court discusses all operative arbitration agreements. While in certain instances, where a Plaintiff agreed to both an Order Agreement and Retail Installment Contract, the Order Agreement's arbitration terms governed. Ahluwalia Decl., Dkt. No. 44-1 at 15. However, a number of individuals did not agree to an Order Agreement with an arbitration provision. Dkt. No. 44 at 5.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

agreement also included a severability exception which provided that "[w]ith but one exception, if any part of this arbitration provision is deemed or found to be unenforceable for any reason, the remainder of this arbitration provision will remain in full force and effect. The one exception is that, if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis then this arbitration provision will be unenforceable in its entirety." Id. at 47.

### B. Procedural Background

Lee and the Representatives originally brought this class action complaint against Tesla on January 20, 2020, alleging violations of various Arizona, California, New Jersey, and Pennsylvania state consumer protection laws, as well as the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq. Compl. Dkt. No. 1. Since then, Lee and the Representatives have amended their complaint once (and corrected it as well), adding additional Plaintiffs and associated state claims. See Dkt. Nos. 25, 41, and 43. The operative class action complaint, filed July 10, 2020, adds violations of Florida, Massachusetts, North Carolina, Oregon, Texas, Washington state consumer protection laws, in addition to a California state law claim for permanent public injunctive relief under California Civil Code Section 3422. Corrected SAC, Dkt. No. 43.

Lee and the Representatives' complaint centers on alleged issues involving sudden unintended acceleration ("SUA") across three vehicles (the Model S, Model X, and Model 3) manufactured by Tesla. The lengthy complaint lists not only the instances of SUA for Lee and the Representatives' vehicles, but also all registered instances with the National Highway Traffic Safety Administration ("NHTSA"). Corrected SAC, Dkt. No. 43 at ¶ 96. These instances are indeed quite harrowing, at times causing significant injury not only to property, but also to the vehicle's passengers. Id. The cars involved are relatively new vehicles. In many instances, Lee and the Representatives owned the cars in question for less than a year at the time of the accident. For these injuries, Lee and the Representatives request various forms of private relief, which the Court need not discuss here.

Lee and the Representatives also argue that Tesla's marketing of the safety of the vehicles, for example, marketing its Model S sedan as being "designed from the ground up to be the safest car on the road" and advertising other various safety features, poses a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

significant harm to the general public. Corrected SAC, Dkt. No. 43 at ¶ 69. According to Lee and the Representatives, these advertisements mislead the public, citing a slew of Tesla's public statements on social media, on its website, and in the press. Corrected SAC, Dkt. No. 43 at ¶ 75-81.

In addition to the above mentioned private relief, Lee and the Representatives seek public injunctive relief under the Consumer Legal Remedies Act ("CLRA"), the Unfair Competition Law ("UCL"), and California's False Advertising law. Specifically, they seek injunctive relief "to protect the general public from Tesla's false advertisements and omissions—including Tesla's ongoing claims that its vehicles are the safest production vehicles on the road, not capable of sudden uncommanded acceleration, and that all instances of alleged sudden uncommanded acceleration are the result of driver error." Corrected SAC, Dkt. No. 43 at ¶¶ 212, 229, 239. Lee and the Representatives also seek permanent public injunctive relief under California Civil Code Section 3422 "in the form of a judgment and injunction to permanently enjoin Tesla from its false advertising and to require Tesla to disclose to the public the truth about the susceptibility of its vehicles to sudden uncommanded acceleration, or as the Court otherwise deems just and proper." Corrected SAC, Dkt. No. 43 at ¶ 299.[3] Lee and the Representatives seek similar injunctive relief under Florida, Massachusetts, New Jersey, Oregon, Texas, and Washington state laws. Corrected SAC, Dkt. No. 43 at ¶¶ 338, 407, 447, 543, 608, 669.

Tesla moved to compel arbitration against the abovementioned individuals. Mot. Dkt. No. 44. This leaves several class representatives, most of whom purchased Teslas without signing an arbitration agreement, including one plaintiff in California.[4]

In its motion, Tesla argued that the arbitration agreement was binding and

---

[3] However, the Court would be guided by Rule 65 of the Federal Rules of Civil Procedure.

[4] Specifically, the following individuals would not be compelled to arbitrate their dispute with Tesla: Yufei Wu (California); Sanjay Chopra (Arizona); Helen Whatmough (Arizona); William Doyle (Massachusetts); Laverne Jackson (New Jersey); and, Hasnin Syed (Texas).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV20-00570JVS(KESx)                          Date   Oct. 1, 2020

Title   <u>Inkie Lee et al v. Tesla, Inc. et al</u>

enforceable, and covered the instant dispute. Mot. Dkt. No. 44. In their opposition, Lee and the Representatives argued that the arbitration agreement was void against public policy because they also sought public injunctive relief. Opp'n, Dkt. No. 48. In its reply, Tesla argued that the public policy cited by Lee and the Representatives did not apply, and therefore, the dispute should proceed to arbitration. Reply, Dkt. No. 50.

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 <u>et seq.</u>, any party to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration. 9 U.S.C. §§ 3, 4. The FAA eliminates district court discretion and requires a court to compel arbitration of issues covered by the arbitration agreement. <u>Dean Winter Reynolds, Inc., v. Byrd</u>, 470 U.S. 213, 218 (1985). The FAA limits the district court's role to determining whether a valid agreement to arbitrate exists and whether the agreement encompasses the disputes at issue. <u>Chiron Corp. v. Orth. Diagnostic SYS., Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000).

## III. DISCUSSION

### A.   **Lori Sallurday is covered by the Arbitration Agreement**

At the outset, the Court first reviews Tesla's request that, should the Court find the arbitration agreement to be binding, Mrs. Sallurday be required to arbitrate even though her husband placed the order for their Tesla and agreed to the arbitration agreement. Mot. Dkt. No. 44 at 15.

Under Pennsylvania law, a "non-signatory cannot be bound to arbitrate unless it is bound 'under traditional principles of contract and agency law' to be akin to a signatory of the underlying agreement." <u>E.I. Dupont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.</u>, 269 F.3d 187, 194 (3d Cir. 2001). Additionally, Pennsylvania law "has held that non-signatories to an arbitration agreement can enforce

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

the agreement when there is an "obvious and close nexus" between the non-signatories and the contract or the contracting parties." Provenzano v. Ohio Valley Gen. Hosp., 2015 PA Super 179, 121 A.3d 1085, 1097 (2015).

The Court agrees with Tesla that Mrs. Sallurday's claims against it are based on the same facts as Mr. Sallurday's, and therefore satisfy the requirements under Pennsylvania law. Therefore, provided that the arbitration agreements are valid, Mrs. Sallurday may be compelled to arbitration even though she did not personally place the order.

### B. Clear Agreement to Arbitrate[5]

"The threshold issue in deciding a motion to compel arbitration is 'whether the parties agreed to arbitrate.'" Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1133 (C.D. Cal. 2011) (quoting Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 756 (9th Cir. 1988)). "In California, general principles of contract law determine whether the parties have entered a binding agreement to arbitrate." Serafin v. Balco Properties Ltd., LLC, 235 Cal. App. 4th 165, 173 (2015) (internal quotation marks and brackets omitted). Tesla argues that Lee and the Representatives entered into a valid agreement, see Mot. Dkt. No. 44 at 9, an argument that Lee and the Representatives do not contest. Opp'n, Dkt. No. 48. Therefore, the Court finds that Tesla adequately demonstrates a clear agreement to arbitrate the dispute.

---

[5]The Court recognizes that certain choice of law issues affect the below analysis. Because the choice of law provision in Lee and the Representatives' contracts states that the arbitration agreement is governed and interpreted by the laws of the Plaintiffs' home states, Ahluwalia Decl., Ex. 1, Mot. Dkt. No. 44-31, the Court must structure its analysis accordingly. However, Tesla notes in its motion to compel that "[a]fter a review of various states' contract law, Tesla found no material differences in the basic requirements for contractual enforceability as between California law and the other state laws that apply to certain Plaintiffs." Mot. Dkt. No. 44 at 9. Notably, Lee and the Representatives do not address this choice of law issue *except* as it pertains to certain public policy arguments they advance. Accordingly, because Lee and the Representatives fail to address this issue and the Court agrees with Tesla's assessment of the law, it treats the analysis for the California residents and others the same as it pertains to whether a clear agreement to arbitrate exists, the validity of the agreement, and whether the agreement is unconscionable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV20-00570JVS(KESx)     Date Oct. 1, 2020

Title     Inkie Lee et al v. Tesla, Inc. et al

After determining that a valid arbitration agreement exists, the Court analyzes whether the arbitration clause encompasses the dispute at issue. Cox v. Ocean View Hotel, Corp., 533 F.3d 1114, 1119 (9th Cir. 2008). Here, the arbitration clause applies to "any dispute arising out of or relating to any aspect of the relationship between you and Tesla." Mot. Dkt. No. 44 at 3. Other arbitration provisions found elsewhere in agreements between some of the Representatives and Tesla allowed applied to "any claim." Mot. Dkt. No. 44 at 5. Neither Lee nor the Representatives contest that the arbitration clauses do not encompass the dispute at issue. See Opp'n, Dkt. No. 48. Therefore, the Court finds that the dispute is arbitrable.

       **C.**     **Validity of the Agreement**

"[W]here a party specifically challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration provisions are unconscionable is an issue for the court to determine, applying the relevant state contract law principles." Jackson v. Rent-A-Center West, Inc., 581 F.3d 912, 918-19 (9th Cir. 2009), rev'd on other grounds by Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772 (2010). Therefore, applicable contract defenses, such as fraud, duress, or unconscionability, as well as other defenses arising from case law, may be applied to invalidate arbitration agreements without contravening § 2 of the FAA. Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 937 (9th Cir. 2001) (internal citation omitted); Blair v. Rent-A-Ctr., Inc., 928 F.3d 819, 827 (9th Cir. 2019).

In California, unconscionability has both a procedural and a substantive element. Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 114 (2000). The former focuses on "oppression" or "surprise" due to unequal bargaining power. Id. Substantive unconscionability, on the other hand, is present if the contract terms are "overly harsh" or "one-sided." Id. While both procedural and substantive unconscionability must be present for a contract to be held unenforceable, they need not be present in the same degree. Id. The more substantively oppressive the terms are, the less evidence of procedural unconscionability is required to find that the contract is unenforceable, and vice versa. Id. Whether a contract or provision is unconscionable is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

question of law. Flores v. Transamerica HomeFirst, Inc., 93 Cal. App. 4th 846, 851 (2001).

### 1. Procedural Unconscionability

Procedural unconscionability requires oppression or surprise. Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev., LLC, 55 Cal. 4th 223, 246 (2012). "Oppression occurs where a contract involves lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form." Id. (Internal quotations omitted).

In its motion to compel, Tesla argues that the presence of an opt out clause within the arbitration agreement necessarily means that the agreement is procedurally conscionable. Mot. Dkt. No. 44 at 12-13. Neither Lee nor the Representatives contest that claim, instead arguing that the agreement itself is against public policy. See Opp'n, Dkt. No. 48.

The Court agrees with Tesla. The presence of an opt out clause within the arbitration agreement renders the agreement procedurally conscionable and not oppressive. Moreover, neither Lee nor the Representatives can argue (and indeed, they do not) that other elements of surprise exist here. At the end of the order agreement and in order to finalize and place the order for their Tesla vehicle, the screen advises the purchaser that by placing the order and clicking the button they agree to the Order Agreement, which then links to an online copy of the same. Mot. Dkt. No. 44 at 1-2. Therefore, the Court also finds that there was no element of surprise present when Lee or the Representatives purchased their vehicles. Because the Court finds no oppression or surprise, the arbitration agreement is procedurally conscionable.

### 2. Substantive Unconscionability

"Substantive unconscionability addresses the fairness of the term in dispute." Szetela v. Discover Bank, 97 Cal. App. 4th 1094, 1100 (2002). Under California law, "[a] provision is substantively unconscionable if it involves contract terms that are so one-sided as to shock the conscience, or that impose harsh or oppressive terms." Parada v. Super. Ct., 176 Cal. App. 4th 1554, 1573 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV20-00570JVS(KESx)                    Date  Oct. 1, 2020

Title  Inkie Lee et al v. Tesla, Inc. et al

  In its motion, Tesla argues that the relevant agreements are not substantively unconscionable. Mot. Dkt. No. 44 at 14-15. It argues that even though the agreements include a class action waiver, that alone does not render the agreement substantively unconscionable. Id. It also notes that it pays all fees and expenses of the arbitration. Id. While Lee and the Representatives do not directly address the issue in their Opposition, they do reference that the applicable arbitration rules under the American Arbitration Association "do not ensure the ability of a party to seek discovery, as exists in state and federal courts" and prohibit "the arbitration from hearing not only claims asserted on behalf of the putative class members, but also Plaintiff's claims for public injunctive relief." Opp'n, Dkt. No. 48 at 5-6. In its reply, Tesla argues that first, the rules do not limit discovery and Lee and the Representative's rights to discovery in such a matter, and second, that if they did, that alone would be no reason to invalidate an arbitration agreement. Reply, Dkt. No. 50 at 9.

  While the Court addresses Lee and the Representative's public policy concern below, it otherwise finds that the arbitration agreements are not substantively unconscionable. First, the Court agrees that the presence of a class action waiver does not render the agreement unconscionable. And second, while in certain instances, failure to provide the applicable arbitration rules to a signatory at the time of signing may render the agreement substantively unconscionable, Lee and the Representatives do not make that argument, and the presence of some unfavorable rules is insufficient alone to render the arbitration agreement unconscionable. Pokorny v. Quixtar, Inc., 601 F.3d 987, 1000 (9th Cir. 2010)**.** Moreover, this arbitration agreement does not rise to the level of one-sidedness or unfairness that has been previously deemed substantively unconscionable. Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 891 (9th Cir. 2002) (limiting damages and requiring cost-splitting of the arbitration, including the daily fees of the arbitrator, the cost of a reporter, and the expense of renting the facilities for the arbitration rendered the arbitration agreement substantively unconscionable).

  **D.**  **Public Policy**

  The focus of Lee and the Representative's Opposition to Tesla's motion to compel arbitration is that the arbitration agreements are against public policy and therefore void, owing to the California Supreme Court's decision in McGill v. Citibank, N.A. 2 Cal. 5th 945 (2017). Tesla argues McGill is inapplicable because (1) Lee and the Representatives

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

do not actually seek public injunctive relief in part because added the claims for public injunctive relief after their original Complaint, (2) any benefit to the public would be "merely incidental," and (3) because Lee and the Representatives assert claims only on behalf of the proposed classes of Tesla customers, their claims do not implicate public injunctive relief. Reply, Dkt. No. 50 at 2-4.

### 1. California Residents

"[T]he McGill rule is a generally applicable contract defense derived from long-established California public policy." Blair, 928 F.3d at 828. In McGill, the California Supreme Court held that arbitration provisions that waive the right to seek public injunctive relief in any forum are "contrary to California public policy and [ ] thus unenforceable under California law." Id. at 952, 961; cf. Blair, 928 F.3d at 831 (holding that "the FAA does not preempt the *McGill* rule."). Specifically, McGill held an arbitration clause unenforceable when it waived the plaintiff's right to seek public injunctive relief under the UCL in "any forum." McGill, 2 Cal. 5th at 961. The Ninth Circuit has also found McGill to apply to "any consensual waiver of public injunctive relief, irrespective of how the parties choose to waive that relief," even if the relevant arbitration agreement contained an opt-out clause.[6] Tillage v. Comcast Corp., 772 F. App'x 569 (9th Cir. 2019), cert. denied, 207 L. Ed. 2d 158 (June 1, 2020)

"[P]ublic injunctive relief under the UCL, the CLRA, and the false advertising law is relief that has 'the primary purpose and effect of' prohibiting unlawful acts that threaten future injury to the general public. Relief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff-or to a group of individuals similarly situated to the plaintiff-does not constitute public injunctive relief." McGill, 2 Cal. 5th at 955 (quoting Broughton v. Cigna Healthplans of California, 21 Cal. 4th 1066, 1077 (1999)).

---

[6] The Court recognizes that Tesla disputes whether McGill applies, let alone whether the relief requested by Lee and the Representatives constitutes public injunctive relief as envisioned by the McGill court. Even though Tesla may believe Tillage was wrongly decided, its language is clear and binding upon this Court, and therefore, the Court must apply McGill to the instant dispute.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV20-00570JVS(KESx)                           Date    Oct. 1, 2020

Title    Inkie Lee et al v. Tesla, Inc. et al

    The Ninth Circuit addressed this distinction in Kilgore v. KeyBank, Nat. Ass'n, 718 F.3d 1052, 1060-61 (9th Cir. 2013). In Kilgore, 120 former flight-school students brought a putative class action against the bank that originated their student loans. Id. at 1055-56. They sought to enjoin the bank from reporting loan defaults and enforcing the promissory notes against the former students. Id. at 1056. The Ninth Circuit held that they did not seek public relief under the UCL because the requested relief only related to past harms suffered by putative class members. Id. at 1060-61. The court emphasized that the defendants' alleged violations had ceased, "the class affected by the alleged practices is small," and "there is no real prospective benefit to the public at large from the relief sought." Id. at 1061. Therefore, the arbitration clause remained enforceable. Id.

    This Court has also addressed this distinction and the applicability of McGill before. In Wright v. Sirius, this Court found that even though Plaintiff requested public injunctive relief, because the requests would solely benefit putative class members and other requested relief was less specific, any benefit to the public would be merely incidental.[7] No. SACV1601688JVSJCGX, 2017 WL 4676580 (C.D. Cal. June 1, 2017). Because that relief would be merely incidental, this Court found that McGill did not apply. Id.

    Wright was later examined by the court in Nguyen v. Tesla. SACV1901422JLSJDEx, 2017 WL 2114937 (C.D. Cal. April 6, 2020). There, the court found Nguyen's requests to rectify Tesla's allegedly misleading statements and advertising regarding its used vehicles to be public injunctive relief. Id. at 4-5. Even though in Nguyen, the Plaintiff may have been 'laser-focused' on obtaining monetary relief based off of his used car purchase, that did "not mean he [was] not also seeking public injunctive relief against Tesla." Id. at 4.

---

[7]Wright sought "an order enjoining Defendant from committing such unlawful, unfair, and fraudulent business practices" and "making such material misrepresentations and failing to disclose or actively concealing its practice of regularly canceling and limiting or prohibiting transfers of lifetime subscriptions" as well as an injunction "barring Sirius from (1) terminating or purporting to terminate [lifetime subscriptions]; (2) failing to honor any and all lifetime satellite radio subscriptions previously purchased; and (3) charging and/or purporting to charge Plaintiff and/or Class members any additional monies for any such services." Wright, 2017 WL 4676580, at *9 (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

The Court finds that the requests for relief made here are sufficiently different from those in Wright, and therefore, subject to the McGill rule. First, the Court disagrees with Tesla's contention that the type of relief requested is private relief in disguise. While Tesla is correct that public relief that is merely incidental to the private relief requested is insufficient to bring the claim within the bounds of McGill, that is not the case here. Reply, Dkt. No. 50 at 9-10. Rather, the public relief (an injunction regarding Tesla's allegedly misleading marketing practices) requested by Lee and the Representatives is separate and distinct from the private relief also requested (essentially, compensation for injuries sustained and other economic damages). Second, while Lee and the Representatives may propose the relief on behalf of the class members, this type of relief requested does not resemble the relief request in Wright, which would have benefitted solely the putative class members. Instead, should this Court later grant the type of public injunctive relief requested by Plaintiffs, the public would likely benefit.

Because the claims for public injunctive relief are subject to the McGill rule, the Court finds that the arbitration agreement, at least the portions that prohibit representative claims or requests for relief on behalf of others, to be void as they apply to any California Plaintiffs.

### 2. Arizona, Florida, Georgia, Oregon, Pennsylvania, Texas, And Washington State Residents

"The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." Gee v. Tenneco, Inc., 615 F.2d 857, 861 (9th Cir.1980); accord U.S. Fidelity and Guaranty Co. v. Lee Investments LLC, 641 F.3d 1126, 1133 (9th Cir. 2011) ("Perhaps a better way of putting it is to say that one of the goals in deciding state law questions is to do no harm to state jurisprudence.").

"[F]ederal courts are bound by the pronouncements of the state's highest court on applicable state law." Ticknor, 265 F.3d at 939. A federal court is "not free to reject a state judicial rule of law merely because it has not received the sanction of the state's highest court, but it must ascertain from all available data what the state law is and apply it." Estrella v. Brandt, 682 F.2d 814, 817 (9th Cir. 1982)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

Lee and the Representatives cite a slew of laws across Florida, Georgia, Oregon, Pennsylvania, Texas, and Washington that they argue evinces an intent to prohibit arbitration of claims for public injunctive relief or otherwise waive away a plaintiff's right to the same.[8] Opp'n, Dkt. No. 48 at 9-14. For each state, Lee and the Representatives argue that the existence of a law providing public injunctive relief coupled with judicial pronouncements that public policy prohibits the waiver of rights under those laws demonstrates almost a de-facto existence of an equivalent law to McGill. Yet, Lee and the Representatives provide no equivalent law or rule to McGill. They do not demonstrate that state courts have taken up the issue, either. Nor do they show how or if state legislatures have contemplated the issue, absent the creation of the statutes granting the public injunctive relief. Absent such a demonstration of an equivalent rule at any level in a state court or in a legislative pronouncement to the same, this Court is hesitant to extend California's McGill rule to out-of-state Plaintiffs.

Because the Court finds no equivalent rule to McGill, and indeed, Lee and the Representatives are unable to show legislative or judicial pronouncements to the same, the Court declines to extend McGill to those Plaintiffs. It also does not find the arbitration agreements to be unconscionable. Therefore, the Court finds the arbitration agreements to be valid in their totality as to residents of Arizona, Florida, Georgia, Oregon, Pennsylvania, Texas, and Washington.

### E. Severability of the Arbitration Agreement

Given that the arbitration agreements' prohibition on public injunctive relief is invalid as it relates to California residents, the Court must next address severability.

The same arbitration provisions referenced by both Lee and the Representatives and Tesla contains severability clauses. Specifically, the arbitration provision in the Order Agreement provides that a "claim or remedy...shall be severed and must be brought in court and any other claims must be arbitrated." See Ahluwalia Decl., Ex. 5, Dkt. No. 44-35 at p. 33. Further, as Tesla notes in its reply, despite the differing language between

---

[8]As mentioned earlier in this Order, Tesla sought to compel arbitration of Plaintiffs residing in Arizona, Florida, Georgia, Oregon, Pennsylvania, Texas, and Washington. Lee and the Representatives' Opposition addresses the laws only in Florida, Georgia, Oregon, Pennsylvania, Texas, and Washington.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

the Order Agreement's and Retail Installment Contract's severability language, the latter nonetheless provides that if any portion of the arbitration agreement is deemed unenforceable, the "remainder ... will remain in full force and effect." Reply, Dkt. No. 50 at 7 (citing Ahluwalia Decl., Dkt. No. 44-38 at 47).

Here, severance is appropriate, because like in Nguyen, other than the aforementioned provision, the arbitration agreement is not permeated with illegality. See generally Nguyen, 2017 WL 2114937; See also Armendariz, 24 Cal. 4th at 124; Poublon v. C.H. Robinson Co., 846 F.3d 1251, 1273 (9th Cir. 2017) ("[T]he dispositive question is whether 'the central purpose of the contract' is so tainted with illegality that there is no lawful object of the contract to enforce.") (quoting Marathon Entm't, Inc. v. Blasi, 42 Cal. 4th 974, 996 (2008)).

The Court therefore determines that the California residents' public injunctive relief requests alone should be decided in a judicial forum. See Broughton, 21 Cal. 4th at 1088 (severing CLRA injunctive relief action to be decided in a judicial forum while "damages portion" of CLRA claim and malpractice claim proceed to arbitration, "assuming the damages portion of the CLRA claim is found to be arbitrable" under the relevant arbitration agreement).

### F. Tesla's Request for a Stay Pending Arbitration of Individual Claims

Tesla requests that, if the Court applies the McGill rule in this fashion, that it "stay their purported claims for public injunctive relief." Reply, Dkt. No. 50 at 16. While Tesla and Lee and the Representatives argue over the applicability of an out-of-district case to determine whether Lee and the Representatives must first arbitrate the initial question of liability on all their claims, See Dkts. No. 44 at 12 and 48 at 16-17, the Court need not address the same.

After the Court posted its Tentative Order, Lee and the Representatives filed a request for hearing on whether the Court also should stay the hearings for the parties who had not signed an arbitration agreement. Dkt. No. 51. It argued that the Court should not stay the proceedings for these parties because none of these Plaintiffs have arbitrable claims, would not be parties to the arbitration, would not be subject to any preclusive or estoppel effect of the arbitrations, and would not be privy to whatever discovery may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

allowed in the arbitration proceedings. Id. at 3. They also argue that the claims presented in this case are not suited for arbitration; that "the interdependence of the arbitrable claims and non-arbitrable claims that exists with regard to the" California Plaintiffs who signed arbitration agreements (and must have their private claims arbitrated but their claims for public injunctive relief in the court) is absent for the non-arbitration Plaintiffs; and two reasons grounded in policy (the nature of the harm that could be posed to these Plaintiffs and the public at large and that the non-arbitration Plaintiffs cannot begin discovery).

Tesla replied, arguing that courts frequently stay the proceedings as they relate to non-arbitrable claims and parties when an arbitration, predicated on the same facts and subject matter, is proceeding. Dkt. No. 53 at 2-3. Tesla also argues that a stay is efficient and will avoid inconsistent judgments because Tesla disputes that any common defect exists, and therefore, the "Question of whether a defect exists will be addressed" in the arbitration. Id. at 3. Lastly, Tesla claims that Plaintiffs will not suffer significant prejudice from a stay because by filing as a putative class action, they opted to forego other expedient resolution options, their assertion that a stay "will create public safety concerns is meritless," and that any potential prejudice from a stay would be the result of their actions. Id. at 4-5.

"As to nonarbitrable claims and issues ... the district court has discretion whether to stay the litigation pending arbitration." Winfrey v. Kmart Corp., 692 F. App'x 356, 357 (9th Cir. 2017) (citing Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)). A trial court may grant a stay "pending resolution of independent proceedings which bear upon the case" where "it is efficient for [the court's] own docket and [is] the fairest course for the parties." Leyva, 593 F.2d at 863.

In Nguyen, the court found that a stay was "proper" and "even incumbent upon the Court" because for it "to order public injunctive relief under the CLRA UCL, and FAL, Nguyen must succeed on the merits of his claims under those statutes." Nguyen, 2017 WL 2114937, at *6. The argument Tesla advances here is no different. Therefore, "[a] stay is most consistent with Rule 1 of the Federal Rules of Civil Procedure and these Plaintiffs' agreement to arbitrate their individual claims." Whitworth v. SolarCity Corp., 336 F. Supp. 3d 1119, 1131 (N.D. Cal. 2018). Moreover, a stay is appropriate given the Court's finding that no equivalent law prohibits arbitration of the Arizona, Florida,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

Georgia, Oregon, Pennsylvania, Texas, and Washington resident claims. Therefore, the Court stays the proceedings for any party to this litigation with any arbitrable claim.

However, the Court must also consider whether a general stay of the proceedings is appropriate. "Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 (1983). In certain instances, a stay pending the resolution of the arbitration may be advisable for the non-arbitrating parties. Id. "The district court's power is the same whether the non-arbitrable claims arise between parties with other arbitrable claims or instead are brought by parties with no arbitrable claims." Gray v. Conseco, Inc., No. SA CV 00-322DOC(EEX), 2000 WL 1480273, at *8 (C.D. Cal. Sept. 29, 2000). A court may consider the "(1) the economy and efficiency that result from avoiding duplication of effort; (2) how suited the dispute is to the arbitration process; and (3) the interdependence of the arbitrable claims and the non-arbitrable claims." Id.; see also U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd., 750 F.2d 1422, 1427 (9th Cir. 1985).

The Court finds that an overall stay of the proceedings is appropriate. While the instant dispute may not be very well suited to the arbitration process and the Court recognizes the possible importance of the suit to the public, it is nonetheless clear that the first and third factors counsel in favor of a general stay. Proceeding in arbitration could avoid the possibility of inconsistent judgments and ensure that the class, as a whole, is treated similarly. It could avoid a situation in which the non-arbitration Plaintiffs and the arbitration Plaintiffs are treated differently solely on the basis of whether they signed an arbitration agreement when the underlying facts giving rise to their claims against Tesla are the same. The arbitrable claims and non-arbitrable claims are also highly interdependent – the claims relate to three vehicles Tesla manufactures, and all of the underlying claims are similar (i.e., instances of SUA in relatively new vehicles).

Therefore, the Court finds that a general stay of the proceedings is appropriate as well.

**IV. CONCLUSION**

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15.

For the foregoing reasons, the Court GRANTS IN PART Tesla's Motion to Compel.

For the residents of California listed in Tesla's motion to compel, the Court compels arbitration of their individual claims but declines to compel arbitration of their requests for public injunctive relief. For the residents of Arizona, Florida, Georgia, Oregon, Pennsylvania, Texas, and Washington listed in Tesla's motion to compel, the Court compels arbitration of all their claims.

The Court also STAYS the proceedings for all parties pending the binding arbitration.

Lee, Ahronee, Arroyave, Rodriguez, and Xia must submit their individual, arbitrable claims against Tesla to binding arbitration. Bharadwaj, Guzman, Rakestraw, Curley, Gucwa, Daniel, Gleason, Hutcheson, the Sallurdays, Hensel, Tyson, and Zhang must submit all arbitrable claims against Tesla to binding arbitration.

The parties are ORDERED to file a joint status report at the earlier of **six (6) months** from the date of this Order or within **ten (10) days** of completion of the arbitration proceedings.

**IT IS SO ORDERED.**

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV20-00570JVS(KESx) | Date | Oct. 1, 2020 |
| Title | Inkie Lee et al v. Tesla, Inc. et al | | |

: 0

Initials of Preparer     lmb